**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**COREY K. PHILLIPS**                                                  **CIVIL ACTION**

**VERSUS**

**STATE OF LOUISIANA, ET AL.**                                **NO. 10-0382-JJB-CN**

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, July 2, 2010.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**COREY K. PHILLIPS**                                                    **CIVIL ACTION**

**VERSUS**

**STATE OF LOUISIANA, ET AL.**                                **NO. 10-0382-JJB-CN**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The pro se plaintiff, an inmate confined at the Ascension Parish Jail, Donaldsonville, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against the State of Louisiana and the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana. The plaintiff complains of alleged deficiencies in his criminal trial, notably that the prosecution failed to disclose valuable information, that the judge was biased and prejudiced as a result of presiding over both pretrial proceedings and the trial, and that he was provided with ineffective assistance of counsel. He prays for monetary damages as a result of the defendants' alleged wrongful conduct and for his conviction to be overturned.

Under 28 U.S.C. § 1915(e), this Court shall dismiss an action or claim brought in forma pauperis if satisfied that the action is frivolous, malicious or fails to state a claim upon which relief may be granted. Cf., Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986). An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis in either fact or law. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995). A § 1915(e) dismissal may be made at any time before or after service of process and before or after an answer is

filed. Green v. McKaskle, supra. In addition, 28 U.S.C. § 1915A provides that a Court shall review, as soon as practicable after docketing, a newly filed complaint and shall dismiss same, or any portion thereof, if the Court determines that the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted".

Initially, to the extent that the plaintiff is seeking to have his conviction overturned, this claim seeks an immediate or earlier release from confinement and must, therefore, be first asserted in a habeas corpus proceeding pursuant to 28 U.S.C. § 2254. In this regard, when a prisoner brings a claim that directly or indirectly challenges the length or constitutionality of his confinement, the claim must be pursued in a habeas corpus proceeding. Serio v. Members of the Louisiana State Bd. of Pardons, 821 F.2d 1112, 1117 (5th Cir. 1987). Accordingly, because the plaintiff complains herein of a conviction resulting from an allegedly unfair criminal trial, his claim necessarily calls into question the fact or duration of his confinement, and he must therefore first pursue this claim in a habeas corpus proceeding. Keenan v. Bennett, 613 F.2d 127 (5th Cir. 1980); Wilson v. Foti, 832 F.2d 891 (5th Cir. 1987).

Further, with regard to the plaintiff's claim for monetary damages under § 1983 for his alleged wrongful conviction, the Court concludes that this claim is barred by the doctrine set forth in Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Under Heck, a prisoner's claim for monetary damages attributable to an alleged wrongful conviction is not cognizable in federal court if a judgment in favor of the plaintiff would necessarily imply the invalidity of such conviction. Heck v. Humphrey, supra. If so, the complaint must be dismissed unless the plaintiff can demonstrate that his conviction has already been

invalidated or determined to be wrongful by a separate tribunal.  Id. As stated in Heck:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Heck v. Humphrey, supra.  In the present case, a determination that the plaintiff is entitled to monetary damages as a result of the allegedly unfair criminal trial would necessarily imply that his conviction is wrongful and that he should be released from custody or retried.  Since the plaintiff has failed to allege that his conviction has been invalidated or called into question in a separate proceeding, his claim for monetary relief under § 1983 resulting from such conviction falls squarely within the holding of Heck v. Humphrey.  Accordingly, his cause of action under § 1983 arising out of his current alleged unconstitutional confinement has not yet accrued.  Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1994)("Dismissal of the § 1983 action under 28 U.S.C. § 1915(d) is appropriate, post-Heck, because the plaintiff's action has been shown to be legally frivolous").  See also Stephenson v. Reno, 28 F.3d 26 (5th Cir. 1994); Johnson v. McElveen, 101 F.3d 423 (5th Cir. 1997).  It is therefore appropriate that the plaintiff's § 1983 claim attributable to the alleged wrongful conviction be dismissed, with prejudice.  Arvie v. Broussard, 42 F.3d 249 (5th Cir. 1994).

RECOMMENDATION

It is recommended that this action be dismissed, with prejudice, as legally frivolous pursuant to 42 U.S.C. § 1983, at least until the conditions set forth in Heck v. Humphrey, supra, are met. See, e.g., Johnson v. McElveen, 101 F.3d 423 (5th Cir. 1997) ("Under Heck, [the plaintiff] cannot state a claim so long as the validity of his conviction has not been called into question as defined therein, which requires dismissal of claims not meeting its preconditions for suit").[1]

Signed in chambers in Baton Rouge, Louisiana, July 2, 2010.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

[1] Note that 28 U.S.C. § 1915(g) provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."